HARRY EMMONS *vs.* HOME INSURANCE COMPANY, a corporation existing under the laws of the State of Pennsylvania.

*Assumpsit—Cause of Action, Fire Insurance Policy—Pleading and Practice.*

In an action of assumpsit in which the general issue is pleaded, a special plea which amounts to the general issue will be stricken out.

(*November 24, 1897.*)

LORE, C. J,, and SPRUANCE and BOYCE, J. J., sitting.
*Anthony Higgins* for plaintiff.
*Levi C. Bird* and *Andrew E. Sanborn* for defendant.

Superior Court, New Castle County, November Term, 1897.
ACTION of ASSUMPSIT, (No. 182, to September T. 1896,) the cause of action being a certain policy of insurance made by the defendant to the plaintiff. The policy of insurance was for

$700, which was placed upon two buildings in South Wilmington, one a frame dwelling house and the other a stable. There was stamped upon the policy the valuation of $750, in bulk, with a memorandum attached to the policy signed by the agent of the company that the structure destroyed for which suit was brought was valued at $600, and the other one at $100.

The policy was dated May 26th, 1895, and was for one year. The fire by which the dwelling house was destroyed occurred on May 23rd, 1896, three days before the expiration of the policy.

The pleas were as follows:

" 1.   Non assumpsit.

" 2.   And for a further plea in this behalf the said defendant by Levi C. Bird, its attorney, comes and defends the wrong and injury when, &c., and says that the plaintiff ought not to have or maintain his aforesaid action against it, the said defendant, because it says that in and by the policy of insurance, or contract between the said plaintiff and the said defendant mentioned and referred to in the plaintiff's declaration, it is expressly provided that ' this entire policy, unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void ——— if a building herein described, whether intended for occupancy by owner or tenant be or become vacant or unoccupied and so remain for ten days.'   And the defendant avers that the buildings mentioned and referred to in the said policy of insurance between the said plaintiff and the said defendant, though intended for occupance did, during the period of insurance mentioned in said policy, and prior to the time of the happening of the fire by which the said buildings were burned, become vacant and unoccupied and so remained for ten days without the knowledge or consent of the said defendant, and without any agreement to permit said buildings to be and remain unoccupied being entered into between the said plaintiff and the said defendant, or endorsed upon or added to said policy of insurance, by reason whereof the said policy of insurance, or contract between the said plaintiff and the said defendant became absolutely void and was not in force at the time of the happening of the said fire, and this the said defendant is ready to verify.   Wherefore it prays judgment if the said

plaintiff ought to have or maintain his aforesaid action thereof against it."

Plaintiff's counsel moved to strike out the second plea on the ground that it amounted to the general issue which was already pleaded, and therefore could not be pleaded specially.

*2 Greenleaf on Evidence, Sec. 135; Heirs of Redding vs. State, 1 Harr., 193; Tatlow vs. Jaquett, 1 Harr., 333; Collins vs. Bilderback, 5 Harr., 134; Prettyman vs. Short, Supra., 360; Stephens on Pleading, Rule 2—" When a plea amounts to the general issue, it should be so pleaded."*

LORE, C. J.:—It was an act of special caution on the part of the defendant to make this special plea, but it will be noted that the plaintiff is bound to aver in his narr and negative these conditions, and he has so negatived the same. The general issue raises distinctly that specific question, and your special plea only duplicates it. And we are therefore very clear that it ought to go out and that you can prove this matter under the general issue. There is no doubt about it.

We therefore make the order to strike out the second plea.